**MELONI & McCAFFREY, P.C.**
ROBERT S. MELONI (RM-8087)
THOMAS P. MCCAFFREY (TPM-4050)
1515 Broadway, 11th Floor
New York, New York 10036
Telephone: 212-520-6089
Facsimile: 917-210-3758
R.Meloni@m2law.net
T.McCaffrey@m2law.net

*Attorneys for Plaintiffs*

10 CIV 0131

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GALA RIZZATTO and MATRIARCHY, INC., | |
| Plaintiffs, | **COMPLAINT & JURY DEMAND** |
| v. | |
| PARFUMS DE COUER,L TD, DEETOWN ENTERTAINMENT, INC., and JSM MUSIC, INC., | |
| Defendants. | |

Plaintiffs, Gala Rizzatto and Matriarchy, Inc., by and through their undersigned attorneys, as and for their Complaint, allege as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Gala Rizzatto ("Gala") is an individual w ho resides in the City and State of New York. Matriarchy, Inc. ("Matriarchy") is a company fully owned by Gala and based in New York City, which owns, controls and exploits Gala's copyrights.

2. Defendant Parfums de Cour, Ltd. ("Parfums") is a corporation whose principal offices are located in Darien, Connecticut.

3. Defendant Deetown Entertainment, Inc. ("Deetown") is aa n independent music production company and record label incorporated in the State of New York whose principal place of business is New York, New York.

4. Defendant JSM Music, Inc. ("JSM") is an independent musicp roduction company and record label incorporated in the State of New York whose principal place of business is New York,N ew York.

5. This court has original and exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1338(a), in that some of the claims alleged herein concern federal questions which arise under the Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. §101 *et seq*. To the extent that this action is based on related state claims, this court has supplemental jurisdiction thereto under 28 U.S.C.§1367.

6. This Court has personal jurisdiction over Defendant Parfums because it conducts business continuously and systematically in New York engaging in, *inter alia*, marketing and promotional activities pertaining to the sale of men's and women's fragrances, body mist, body lotion, body wash, shower gel, and body spray. Moreover, Plaintiff's claims arise out of Parfums' activities in this State.

7. This Courth as personalj urisdiction over Defendant Deetown because it is a New York corporation which conducts business continuously and systematically in New York engaging in, *inter alia*, production, marketing and promotional activities and exploitation of musical compositions and recordings. Moreover, Plaintiff's claims arise out of Deetown's activities in this State.

8. This Court has personal jurisdiction over Defendant JSM because it is a New York corporation which conducts business continuously and systematically in New York engaging in, *inter alia*, production, marketing and promotional activities and exploitation of musical compositions and recordings. Moreover, Plaintiff's claims arise out of JSM's activities in this State.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) in that Defendants transact business in this judicial district and/or a substantial part of the events, acts or omissions which give rise to the claims alleged herein occurred in this judicial district or had consequences therein.

10. Venue is also proper in this judicial district pursuant to 28 U.S.C.§1400 (a).

## SUMMARY OF CASE

11. Parfums is a leading retailer for designer quality fragrances and colognes, including, without limitation, the Prince Matchabelli, Bod Man, Body Heat and Sexiests Fantasies lines of fragrances. Parfums markets, advertises and sells these fragrances throughout the United States, including in New York City.

12. Deetown is an independent production company and record label, owned and operated by Ali Dee Theodore p/k/a "Ali Dee". Deetown, among other things, produces songs for films and shows, including, Gossip Girl, Melrose Place, The O.C., Northshore, Sex and The City, Ugly Betty, and Fool's Gold. Finally, Deetown exploits music for use in television and cable commercials.

13. JSM is an independent music production company, owned and operated by Joel Simon. JSM, *inter alia*, creates music for commercial use and maintains a client roster that includes such household brands as Hershey's, American Express, Dove,

3

Chevrolet, Bacardi, Dodge, Lincoln. Led by President/CEO, Joel Simon, JSM employs a stable of writers, producers, composers, arrangers and performers and operates out of the largest recording facility in Manhattan.

**STATEMENT OF FACTS**

14. Gala is an internationally known and respected singer-songwriter. Her first album, *Come Into My Life*, led to her nomination for "Best Female Artist" at the COFA (Celebration of Female Artists) Awards in the United Kingdom and, that same year, she received the "Disc d'Or" at the Marché International du Disque et de l'Edition Musicale (MIDEM), the world's largest music industry trade fair. Her single from that album, "Freed From Desire," went platinum and then diamond, selling over 6 million copies worldwide. Her accompanying video "Freed From Desire" had over 1.2 million viewers on YouTube.

15. Gala has performed on the United Kingdom's "Top of the Pops" on BBC. She has also performed at the Bercy Stadium in Paris and the Bulls Arena in Madrid before an audience of more than 20,000 people. She has most recently performed live before 44,000 fans in Belgium and performed live on MTV Russia. Gala's songs remain fixtures of popular radio worldwide.

16. In 2005 Gala left Europe and focused on expanding her popularity to an American audience.

17. In February 2005, Gala entered into a producer's agreement with Deetown which resulted, *inter alia*, in AliDee producing Gala's song entitled *Faraway* as a work made for hire for Matriarchy, which was written and recorded by Gala.

4

18. *Faraway* was first released overseas in 2005 as a single. It was well received among her existing fan base, charting throughout Europe.

19. At or about that time, defendants Deetown and JSM, without knowledge or authorization of Gala, entered into an agreement with defendant Parfum which purportedly allowed Parfum to use *Faraway* in its advertisements for its BOD Man Spray brand fragrances in television commercials throughout the United States.

20. Upon learning of the advertisements, Gala's legal representatives challenged defendants Deetown and JSM concerning their infringing use of Gala's musical composition and sound recording *Faraway*.

21. In November, 2006, Gala, on the one hand, and Deetown and JSM, on the other hand, entered into a settlement agreement to resolve Gala's claims against those two defendants for their infringing uses of *Faraway* through that date (the "2006 Settlement").

22. As part of the 2006 Settlement, Deetown and JSM acknowledged absolute Gala's ownership of the copyrights in the musical composition and sound recording *Faraway*.

23. As part of the 2006 Settlement, Deetown and JSM warranted that they had caused all infringing uses of *Faraway*, including without limitation its use in the BOD Man Spray television advertisements, to cease and that the musical composition and sound recording for *Faraway* would no longer be used in any advertisements.

24. Thereafter, Gala learned that her recording and musical composition *Faraway* was still being used in defendant Parfums' BOD Man Spray advertisements in the United States.

25. In or about mid-2008, Plaintiffs' representatives approached the defendants in this action in an effort to resolve this latest infringement of her copyrights in *Faraway*. The parties attempted to negotiate a settlement and negotiated and drafted a settlement agreement in an effort to resolve this clear infringement of Gala's copyrights.

26. However, it was clear from the beginning of these negotiations that there would be no final settlement agreement concerning this latest infringement until there was a final written document regarding the same fully executed by both parties.

27. Paragraph 2 (a) of the proposed settlement agreement specifically stated as follows: [u]pon the full execution of this Settlement Agreement by all Parties and the receipt of the Rizzatto Parties of the sum of Seven Thousand Five Hundred Dollars ($7,500.00) (the "Settlement Payment") to be paid as described below" the parties shall provide general releases of each other from existing liability.

28. Paragraph 2 (b) of the proposed settlement agreement provided: "[t]he full Settlement Payment must be received by [Gala's then attorneys] prior to the full execution of this Settlement Agreement. In the event that the full Settlement Payment is not paid as required hereunder, the Rizzatto Parties shall not execute this Settlement Agreement and this Settlement Agreement shall have no force and effect ( and if executed prior to the receipt by [Gala's then attorneys] of the full Settlement Payment it shall be deemed void ab initio) and no rights shall be deemed granted by the Rizzatto Parties to any parties hereunder (whether any past rights, present rights or future rights)."

29. It was equally clear that no settlement could be reached until Plaintiffs had the opportunity to discover the full extent of the latest infringement of the song *Faraway*.

30. In December 2008, James V. Stammer, the President of Parfum, for the first time provided Gala's representatives with documentation showing the amount of "media buys" for the BOD Man commercial thata ired on television from 2005 to 2007, which he described "represented approximately 50% of total media for that period." This was partial estimate of thei nfringing use of *Faraway* through 2007. Upon receipt of that information, Gala realized that she had been negotiating under a gross misapprehension of the extent of the infringing use.

31. As a result,t he settlementn egotiations terminated in December 2008.

32. Upon information and belief, Parfum continued to use *Faraway* in its advertisements through the beginning of 2009.

33. In June 2009, Gala released worldwide through iTunesh er new EP called "Tough Love" through her company Matriarchy, Inc. Included as a single on that EP is her song *Faraway*.

34. In September 2009, Plaintiffs released worldwide through iTunes Gala's album entitled "Tough Love" which also included her single *Faraway*.

## COUNT I (ALL DEFENDANTS)
### (Copyright Infringement, 17 U.S.C. §§ 101,e t seq.)

35. Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 34 herein.

36. At all times relevant hereto, Matriarchy has been and still is the ownera nd proprietor of all right, title and interesti n and to the sound recording *Faraway*.

37. At all times relevant hereto, Gala has beena nd still is the owner and proprietor of all right, title and interesti n and to the musical composition *Faraway*.

7

38. The musical composition and sound recording *Faraway* contain material wholly original with Matriarchy and Gala and are copyrightable subject matter under the copyright laws of the United States.

39. *Faraway* has been properly registered with the Register of Copyrights in Matriarchy's and Gala's names, respectively, and Matriarchy and Gala have been issued Certificates of Registration therefore bearing Registration Nos. SR-0000375968 and PAu002716666. A Copy of the Certificate of Registration for SR-0000375968 is annexed to this Complaint as Exhibit A.

40. Upon information and belief, within the past three years Defendants exploited *Faraway* through use in its advertisements, including, without limitation, on its television and cable advertisements for the fragrance BOD Man Spray throughout the United States.

41. Defendants' acts as aforesaid violate Plaintiffs' exclusive rights under §106 of the Copyright Act of 1976, 17 U.S.C. §101, *et seq.*, and constitute infringement of Plaintiffs' copyrights.

42. Defendants were without any license or other form or permission to exploit *Faraway* or any derivative versions thereof.

43. Defendants' past and continuing exploitation of the musical composition and sound recording *Faraway* was in knowing and reckless disregard of the Plaintiffs' rights and such infringements were willful as that term is defined in the Copyright Act.

44. As a result thereof, Plaintiffs' are entitled to their actual damages and the Defendants' profits from the exploitation of the infringing works in amounts to be proven

att rial, or statutory damages at its election, pursuant to 17 U.S.C. § 504, and to recovery of attorney's fees pursuant to 17 U.S.C.§ 505.

45. In addition, upon information and belief, Defendants' infringement is ongoing, and leaves Plaintiffs without an adequate remedy at law, justifying injunctive relief pursuant to 17 U.S.C. §502, barring all further exploitation of the musical composition and sound recording *Faraway* in any form by Defendants and/or any of their representatives and/or agents.

## COUNT II (DEETOWN & JSM)
### (Breach of Contract)

46. Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 46 herein.

47. As part of the 2006 Settlement Agreement, defendants Deetown and JSM warranted that they had caused all infringing uses of *Faraway*, including without limitation its use in the BOD Man Spray television advertisements, to cease and that the musical composition and sound recording for *Faraway* would no longer be used in any advertisements.

48. Defendants Deetown and JSM did not cause all infringing uses of *Faraway* to cease as warranted in breach of the 2006 SettlementA greement.

49. As a result of the aforesaid breach, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than the jurisdictional amount of this Court.

**WHEREFORE**, Plaintiffs respectfully pray that the Court find in their favor and enter an order and judgmenta gainstD efendants awarding:

a. Pursuant to Count I, compensatory damages for the unauthorized exploitation of the musical composition and sound recording *Faraway* in an amount to be proved at trial, but not less than $250,000;

b. Pursuant to Count I, in the alternative, statutory damages in an amount to be determined by the Court;

c. Pursuant to Count I, treble damages for the unauthorized exploitation of the musical composition and sound recording *Faraway* in an amount to be determined at trial but in no event less than $750,000;

d. Pursuant to Count I, a permanent injunction barring any future exploitation of the musical composition and sound recording *Faraway* in any form by Defendants and/or any of their representative and/or agents;

e. Pursuant to Count II, compensatory damages in an amount to be determined at trial, but in no event less than the jurisdictional amount of this Court.

f. The costs of suit, including, without limitation, reasonable attorneys fees pursuant to §505 of the Copyright Act;

g. Interest on Plaintiff's damages at the legal rate; and

h. Such other and further relief that the Court may deem to be just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues which are so triable.

Dated: December 31, 2009

MELONI & MCCAFFREY, P.C.

By: _____
Robert S. Meloni (RM 8087)
Thomas P. McCaffrey (TPM 4057)
1515 Broadway, 11th Floor
New York, New York 10036
Tel: (212) 520-6089

*Attorneys for Plaintiffs*
*Gala Rizzatto and Matriarchy, Inc.*